Case number 24-1439, Porter Smith v. Michigan Department of Corrections et al. Argument is not to exceed 15 minutes per side. Mr. Racer for the appellant. Good morning. It's a privilege to be here. Thank you so much for entertaining oral argument. Jim Racer on behalf of the appellant. We reserve five minutes for rebuttal. Where to start? I guess I'll start with the fact that Porter Smith was a 20-plus year corrections officer. He was a sworn officer. He carried a gun. He was injured in the line of duty in a jail, breaking up a fight. This is not a guy that worked someplace for a month or two. This is not somebody who didn't have a serious medical condition. This is somebody that deserves the law's protection when it comes to what we're going to do with Section 504 in the case. He was accommodated for a time. MDOC has a rule where they say that you get six months, but they extend it on a case-by-case basis. In this case, they actually accommodated and dated him for seven months. So anybody that says there's some sort of rule that it's only six months, it's not the case. Here it was seven. Another officer was accommodated by these positions that were out of class for years. There was an open position. And let me be clear about this. There's a lot having to do with whether a position was funded and available. And the fact is the position that he had in training was funded and available. And I guess I'm skipping to the accommodation, to the district court error in defendant's motion for summary judgment on accommodation, which is very clear in my mind. The jail indicated it was short-staffed. Porter Smith wrote multiple emails indicating that there were 27 open positions. The position that he held in the training division was not a position that they made up for him. It wasn't a position that they said, oh, we're going to take other people's jobs and create something. It was a vacant funded position. In fact, it was vacant for a month after Porter Smith was terminated. Can you just maybe help me? Where in the record is it clear that that's like a vacant funded full-time position that, for example, if they didn't have somebody who was on an accommodation and needed to be transferred, that they would have otherwise hired to fill that position? Judge, thank you so much. That can be found in RE25-11, the deposition of Fielder, his deps transcript, page ID 206 in the record below. And Fielder, his supervisor in that position, was adamant, adamant that he needed assistance and would have gladly continued to have plaintiff work. In fact, Warden Patrick Warren testified that plaintiff should have and could have gone back to Fielder because he needed help. That's in page ID 2476. My sense is that there are a lot of people who probably would like more help in the work that they do and would totally say, if I could have a permanent person here helping out, and we should fund a position and do it. But was Fielder's testimony that there was indeed a fully funded position or just that he could have kept someone on? Well, let me circle around to that. All of the MDOC people said, oh, this wasn't funded. But they didn't produce any evidence whatsoever that it wasn't funded. Obviously, Porter Smith was being paid. They didn't produce any budget documents saying, we didn't have a fund for this. They didn't have any budget adjustments. We had to pay extra for this. And it wasn't a make-work assignment, a vacant assignment. And that's what distinguishes it from Laumin Chiu v. Donahue, cited by the defendant at 580 Fed Approx 430, a 2014 case, and puts it into the question of fact of Jones v. Potter at 488 Fed 3rd 397, a 2007 case. The fact is that it was not a make-work position. It was not something that they cobbled together in order to have him work it. It was a position that was vacant before it was filled again a month later after he left. And just remind me, when it was filled later after he left, was it filled as a transitional assignment, or was it filled by a full-time employee who would be paid to do that position permanently? I believe that it was filled by a full-time employee, but I can cover that in rebuttal because Attorney Amanda Washburn will certainly fill me in on that fact. I appreciate it. And help me in rebuttal on that. And I think it's an important point to talk about the request for accommodation claim and talk about it in terms of the position that you look at to talk about accommodations. Now, the State of Michigan argues that you should look at his job as a corrections officer to see whether or not he can perform the essential functions. That argument completely negates any accommodations whatsoever that would be given in the workplace pursuant to 504 and the ADA, completely. Because if you're measuring it based on the person in the job that they can't do because they need an accommodation, then anybody that requests an accommodation is going to fail the test. It completely abrogates and guts any law protecting people in the workplace that need an accommodation for the state to argue that a person should be able to do all the duties of the job which they had before they were hurt. Porter Smith required an accommodation from a work-related injury breaking up a fight with dangerous prisoners in a jail. The state blames him for not having a surgery quick enough to come back to work in seven months. Which just goes to show you that the state wants to place blame on Porter Smith for all of this. Is there any human being that would rush right into surgery without conservative treatment, without PT? Nobody likes having a surgery. Porter eventually was able to come back to work, able to come back to MDOC and say, I want to work, but the investigation which they initiated after he was gone, which they mailed to him after it was due, which they say he didn't return, was a problem. Let me ask you, doesn't that sound like retaliation? Essentially, you send a mailer to an employee who's already been terminated and then you use that to fail to rehire them due to a questionnaire and an investigation that they knew nothing about because they wanted to work. Why would you do that? About the retaliation claim itself and the parties, I know you did the supplemental briefing on the issue of whether or not there is a retaliation claim under the Rehabilitation Act. What Sixth Circuit authority would you rely upon to say that we have decided that issue? Is there any case where it's actually been squarely presented whether there is a retaliation claim under the Rehabilitation Act? A hundred percent, and thank you for letting me address that because, of course, I got some heartburn when I saw that letter about three weeks ago saying, does 504 even address this? And the fact is, for over 25 years in this circuit, the court has recognized that, and the case is Hiller v. Brown at 177 Fed 3rd, 542, Sixth Circuit, 1999. So for 25 years, this circuit has recognized that 504 covers retaliation. As a matter of fact, we looked at every other circuit in the supplemental brief you'll see, and we could not find one case where a court has stated that a 504 case for stating retaliation somehow had a defect in it. Every other circuit, except the Circuit for the Federal Court of Appeals, which said we don't hear those kind of cases. Every single circuit court has acknowledged that when Congress drafted 504, they integrated sections involving retaliation into it. What text do you think of Section 504 supports there being a cause of action for retaliation? Well, it's Section D of 504, which indicates that 42 U.S.C. 12203 is integrated into it, because what it says is in D, which is 29 U.S.C. 794D states, the standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the American with Disability Act of 1990, 42 U.S.C. 12111. The standard is the same thing as a cause of action? I don't know why Congress would take the time to say that those standards are integrated into 504 if they didn't mean that retaliation was something that could be used. Because when Congress said 2201 and 12204, through those, they incorporated 12203. 12203 only is a prohibition against retaliation. So why would Congress incorporate a section that only deals with retaliation and coercion into 504 and say, look to this statute for the standards applicable to 504, if they didn't mean that it includes retaliation? And why would every single circuit court that looks at these cases indicate that 504 retaliation cases can go forward? And let me be clear. Do you want to go into your rebuttal time at this point? Yes. No, I don't. I'll keep the rebuttal time. I have more arguments to make. I actually have one question. I will not count it against your rebuttal time. Thank you. The question is, I noticed the same type of language that is in 504D also appears in 501F, which is 29 U.S.C. 791F. Is it doing the same work in that subsection as it's doing in subsection D of 504? It's a good question, and I can't read Congress's mind. In fact, I don't think anybody has that skill. I have to look at 504 because that's what the complaint was filed under, but I will take an opportunity to give you a better answer to that question after I confer with Ms. Washburn.  Very well. We'll hear from you in rebuttal. Thank you. Thank you so much. May it please the Court. Ken Delaz Benson, Assistant Attorney General on behalf of the Michigan Department of Corrections and the State of Michigan. We're here today because of the spending clause under Article I, Section 8 of the Constitution, which provides Congress the ability to put conditions on provisions when someone accepts, when an entity accepts federal funding. Now, in Cummings v. Premier Rehab v. Keller, the Supreme Court said that if Congress intends to impose a condition on the grant of federal money, it must do so unambiguously. And in Section 504, there is no unambiguous cause of action for retaliation incorporated based on the spending clause. But you do have a bunch of Sixth Circuit cases that seem to recognize that this cause of action exists, and that bothers me that can we, could we hold that there's no retaliation claim here, given we have this long line of Sixth Circuit cases that have interpreted this purported cause of action? I think first there needs to be a distinction between which section of the Rehabilitation Act we're talking about. There are a bunch of cases, including the case cited by Plaintiff's Attorney, Hillard v. Brown, that find a cause of action for retaliation in Section 501. And I need to apologize, there's a typo on the first page of my supplemental brief. I refer to Section 504 as not applying. I meant to say Section 501 does not apply. And what is the difference between 501 and 504? So Section 501 applies when a federal employee is filing a suit. And the distinction that we get with Section 504 is then if we go to Section 505, which is codified at 29 U.S.C. 794A, in subsection A1 it talks about the rights, remedies, and procedures that are applicable. And it incorporates the rights, remedies, and procedures of Title VII of the Civil Rights Act of 1964. And so what's going on there is there is an actual retaliation provision there. So my position is not that there is no retaliation provision at all. It's just incorporated into Section 501, which applies to suits brought by federal employees. But the language, as I just pointed out, is very similar under subsection F of 501 as it is to subsection D of 504. So if we're importing it under 501, why shouldn't we import it under 504? Because it should be imported only, and if it is, only under Section 505. Section 505, the specific language is that the remedies, procedures, and rights under... So it's using the words remedies, procedures, and rights instead of standards? Is that the argument? And another phrase for cause of action is a right of action. So rights that are created under Section 505 are incorporated, but there's two different incorporation provisions in that Section 505. There is first A1, which specifically applies to Section 501, and that's where it incorporates Title VII. Subsection A2 applies to Section 504, and it incorporates Title VI, which does not have an express retaliation provision in the text of Title VI. Sorry, didn't mean to... No, you go ahead, and I'll ask my question after you. Go ahead. Oh, no. I'm just... I'm curious. Your friend on the other side has asked, I think, a good question, which is what does the incorporation of 503 of the ADA mean if it is not to incorporate a cause of action? Sure. So I've got three reasons for that. The first is the text. Second is precedent. And the third is the purpose of that amendment to Section 504. First, the text... But what does it actually do then? Right. Like, I mean, we have read the text, right? And I know that it incorporates Section 503, right? And so what does that do if it incorporates Section 503? What can... What does it do for a Rehabilitation Act claim? If it incorporates Section 503... Oh, excuse me. Of the ADA. Of the ADA, yes. Sorry. Excuse me. Or I could use its codified number, 11203.  Well, first, I would point to the purpose of that amendment back in 1992. If we look at Senate Report 102-357, the purpose was to create... to prevent inconsistent and conflicting standards as the federal agencies are enforcing these different provisions. So what it's really... The work that that section is really doing is incorporating all of the different standards that apply in ADA and in Rehabilitation Act so that they are the same. And there's a lot of standards that apply to the ADA. There's standards about who is actually disabled, what qualifies as a disability. So what standard in 503... From 503 of the ADA are we supposed to apply to 504 of the Rehabilitation Act? I think... I'd like to step back one more... Take one more step back and look at how the word standards is used. And what we can see is in the Board of Trustees of the University of Alabama versus Garrett, in footnote 9, we see that the Supreme Court talks about standards under the ADA. And those standards don't necessarily create a cause of action because in Garrett, the United States Supreme Court was talking about whether or not the ADA was applicable to the states. And it found that the 11th Amendment barred the application of the ADA to the states. But in footnote 9, it talks about standards. And it specifically states that Title I of the ADA still provides standards that are applicable to the states. It provides standards, not a cause of action standards. Those standards can be enforced by the United States in causes of action for money damages as well as private individuals in injunctive relief under Ex parte Young. And so those standards in and of themselves don't create a private cause of action against the states. Those are standards that can be applied. I guess I'm just still curious what incorporating 503... Like how... One of our canons, which I'm sure you're familiar with, is like we have to assume things to mean something, right? And so Congress has incorporated 503 of the ADA into the Rehabilitation Act. Maybe you're saying, and you want to use a narrow definition of standards, and I get that. But under your narrow definition of standards, what are we getting? What is Congress getting by incorporating 503 of the ADA? Or is it just like a typo or an over-incorporation? I'm trying to think, like, what is operative under your interpretation of subsection D? So what's operative are the standards. It's not a cause of action. It's the standards. But what standard exists in 503 that we apply? As I read 503, right, we have a cause of action for retaliation. We have a cause of action for coercion. And then we have the remedies for those two things. So I don't see, as I'm reading 503, a standard in the narrow view that you're talking about it. So that's why I'm trying to figure out, how do you give that incorporation meaning? So I would start with, again, the text of the actual subsection, subsection D. The standards used to determine whether this section has been violated. Again, we're referring to Section 504. We see in this court's en banc opinion in Lewis that we still look to the text of the section to determine whether or not a to determine what the causation standard is for a discrimination claim. We still look to the text. And that text is not modified by the incorporation of the discrimination provision of the ADA. The ADA does not have that sole cause standard. And in Lewis, the incorporation in subsection D did not modify the causation standard. The same is true here. There is no retaliation provision at all in subsection A of 504. And so this language cannot incorporate a new cause of action. What this language does is it provides the ability for any federal agency promulgating recommendations or regulations under the Rehabilitation Act and the ADA. They don't have to do two separate sets of regulations. They don't have to have two separate standards. They can promulgate advice and regulations to entities that are consistent. They don't have to differentiate. Now, one, they can provide a standard for all of the different requirements under those acts. But it doesn't create a private cause of action if some of those retaliation, for example, if some of those retaliation standards are violated. It doesn't create a private cause of action. It just means that federal agencies can provide guidance and regulations that are consistent between both of the acts. And so that there's not, as the Senate report states, the bill in 1992 specifies that directors shall develop procedures to ensure that the administrative complaints filed under this section and under the Americans with Disabilities Act of 1990 are dealt with in a manner that avoids duplication of efforts and prevents imposition of inconsistent or conflicting standards for the same requirements under this section and the Americans with Disabilities Act. So that's what that language is for. Let me get back to my first question about our case law. Your friend on the other side, I think, cited Hyler v. Brown as the case that had decided that there's a retaliation claim under the Rehab Act. Do you agree that we decided that issue in that case? Not in that case, Your Honor. Why do you say we did not decide the issue in that case? Because that case was brought under 501 of the Rehabilitation Act, and I'm not disputing whether or not there is a cause of action under 501. So you're saying it's still an open question whether 504 has a retaliation claim? It is. And I would note that there are a couple, and I cite these cases, there are a couple of... There are cases since Hyler that interpreted 504. There are... Like AC, wasn't that a 504 case? AC was a 504 case, or Shelby County, whatever you want to refer to it as. How do you handle that case? Sure. That case, the retaliation provision is found not in the statute, but in a federal regulation. That federal regulation does not apply here. And the federal regulation was 29 CFR 33.13. That's where the retaliation clause was found. Standards pursuant to Article I, the suspending clause, cannot be created by the executive branch. They have to be created by Congress, and we see that in Cummings specifically. And so looking to federal regulations would be the executive branch imposing additional limitations or conditions, additional conditions on the spending clause that Congress did not include in the text of the statute. Additionally, there's also the Wilbanks case, but that looked to a different CFR. That looked to 34 CFR 100.7, and that CFR applies to the Department of Education. Again, the CFR that's at issue in Shelby County applies to programs by the Department of... under the Department of Labor. And specifically programs, or it applies to programs or activities conducted by the Department of Labor, and that's 29 CFR 33.2. And so those regulations are not applicable here because we're not under a program or activity conducted by the Department of Labor, and CFR 34 100.7 is not applicable here because the Department of Education's regulations are not applicable to this case. So those two regulations aren't applicable here. And stepping back a little bit further, again, it's Congress that has to impose the conditions on the spending. You have a great command of the case law, so let me ask you about the Trinity Health case. Sure. The Trinity Health case specifically addressed whether or not there was a private... or a cause of action against an individual. It didn't get into specifically... But wasn't it a 504 case? I believe it was a 501 case. Well, here's what I would say. It does not expressly address the retaliation claim under the Rehab Act because it only dealt with whether or not there could be a cause of action against an individual. I would differentiate that case from the case here because that case specifically looked at whether or not there was personal liability under the Rehab Act. It did not specifically get to this question because it didn't need to. Additionally, there is some language in Section 504A that allows for the ability of the heads of agencies to promulgate regulations. But again... Counsel, your time's up. Thank you. I ask you to affirm the district court. Okay, this is so interesting. Let me answer some questions and clarify some things. Judge Blumenkatz, I hope I didn't destroy your last name, Fielder testified, and that's in RE 25-11, page ID 206, page 22 of the transcript, that that position was open for a month and then another person that needed TE came into that position. So that position was vacant for a month and a necessary position and certainly something that was funded. And again, the district court was so looking at, well, you need to prove that there's an open-funded position, that she just didn't see the fact that the open-funded position was right in front of her, which was the position that he was doing. Not a make-work position. Now, to go back to the argument about 504 and whether this court has found a cause of action, the fact of the matter is yes, because, and I want to read the quote from Hiller v. Brown, quote, Rehabilitation Act of 1973 prohibits discrimination and retaliation in employment against disabled persons by federal agencies. Significantly, the anti-retaliation provision of the Rehabilitation Act, which incorporates by reference section 12203A of the ADA, provides in relevant part, no person shall discriminate against an individual because they've opposed any act or practice made unlawful by this act. So an argument that Hiller v. Brown doesn't stand for the proposition in the Sixth Circuit for the last 25 years that section 504 doesn't include a retaliation provision is just not a true argument. The fact is it's well-settled law. It's well-settled law in every single circuit, including the Sixth Circuit, for 25 years. Now, an interesting thing, and to put this into the mix, there's a case that we cited in our supplemental briefing on 504 Jackson v. Birmingham Board of Education in 544 U.S. 167, which indicates that retaliation, and this was looking at sex discrimination, but it's analogous, that retaliation against a person because that person has complained of sex discrimination is another form of sex discrimination. Ergo, 504 doesn't even need to integrate into the sections it does to prohibit. What's interesting about Jackson, though, is it actually uses as an example the language that's similar to what appears in 794A, and I believe it says that in that instance you would not have retaliation as a claim. So it sort of cuts, it seems like Jackson kind of cuts against 794 being the source of a retaliation claim, given that the court in that case seemed to say that type of language is not a retaliation claim. It's a discrimination claim. Well, I understand that, and everything always cuts both ways, right? Yeah, except it's our boss, and so it's the Supreme Court. So that would possibly supersede what we had said in Highlander since Jackson came later. I feel like Jackson is talking about whether or not retaliation is subsumed into a cause of action for failure to accommodate, by analogy. In other words, in a sex discrimination case, retaliation based on sex is sex discrimination is what Jackson is saying. So the analogy is 504, which has a public policy of making sure that people with disabilities are allowed to be working in the workplace, prohibits retaliation by its text because retaliation is discrimination based on disability. It's a little topical. He's talking about laws protecting people with disabilities in the workplace, but the fact of the matter is this statute that you're interpreting has a strong legislative intent to make sure that people like Porter Smith, who suffers a hip injury in the workplace, is allowed to receive an accommodation while he recovers. That was the overriding congressional policy. However, if you look at the ADA in 42 U.S.C. 12111 and the provisions of Section 504, the standards used to determine, here's the quote, the standards used to determine whether the section has been violated in a complaint alleging non-affirmative action employment discrimination. That's a mouthful. The standards means what is in the complaint, and that's why the standard section of 504 integrates retaliation, and that's why it is part of the complaint. Thank you, counsel. I could talk with you for hours about this case, and I wish I could, and I appreciate the questions. And thank you so much for entertaining oral argument. Thank you. The case will be submitted, and the clerk may call the next one.